Richard J. Sherman, J.
This is a motion in behalf of Wayne Grotty, one of the defendants, for an inspection of a statement allegedly signed by the defendant on or about February 2, 1962.
The defendant, Wayne Grotty, was indicted, with others, by the May 1962 Term of the Saratoga County Supreme Court Grand Jury in two separate indictments; one charging two counts of robbery in the first degree, one count charging grand larceny in the first degree and two counts charging assault in the second degree; the second indictment charges two counts of attempted *331 robbery in the first degree and two counts charging assault in the second degree.
The defendant Wayne Crotty was duly arraigned in the Supreme Court, pleas of not guilty were entered as to both indictments, and the cases were transferred to the Saratoga County Court. At the June 1962 Trial Term of the Saratoga County Court, motions were made by the defendant to move the cases over the term upon the grounds that certain motions were to be made in behalf of the defendant, and there being no objection, such motions were granted.
These particular motions were returnable August 3, 1962 at which time the original notice of motion and the affidavit of the defendant, Wayne Crotty, were filed with the court, as well as the affidavit of James A. O’Connor, District Attorney, and the affidavit of Thomas J. 0 ’Hea in opposition to the motion were also filed. The defendant requested additional time for the filing of a supplemental affidavit and a memorandum of law. These have now been received.
Defendant Crotty contends that the defendant’s statement was obtained by the use of intimidation, trickery, misrepresentation and deceit. The defendant further contends that the inclusion of two crimes in one statement warrants the exercise of judicial discretion in protecting defendant’s rights and assuring him of a fair trial. This court has examined the various affidavits and memoranda submitted, and it is to be noted that in the affidavit of the defendant Crotty, his recollection as to certain things with respect to the place of signing of the alleged statement were particular and in considerable detail. Furthermore, the affidavit of Thomas J. 0 ’Hea, submitted by the District Attorney in opposition to the motion definitely describes the details that the alleged statement was signed by Wayne Crotty and initialled by John Crotty, his father, that subsequently a typewritten statement was also signed by the defendant and by his father, who was allegedly present.
It would seem to this court that the motion and objections are directed more to the adimission of the statement in evidence at the time of trial, should there be a trial, and if so at that time the defendant can be assured that the court will surround the defendant with all of the protection that can be provided under the law and that such statement, if admitted, will be confined to the statement concerning the matters covered by the indictment and upon which a trial is being held.
The court has read the cases cited by the District Attorney and by the attorney for the defendant Crotty. It must be remembered that the question of the submission of the alleged *332 statement to the defendant’s attorney is a matter within the court’s discretion, and this court is following the test laid down by the Court of Appeals in People ex rel. Lemon v. Supreme Court (245 N. Y. 24). Accordingly, the motion to inspect the alleged statement of the defendant is denied.